20084

O & M MANUFACTURING COMPANY, Respondent, v. SOUTHERN GENERATOR & ENGINE SALES, INC., et al., Appellants.

(217 S. E. (2d) 723)

*Messrs. Barnes, Austin & Ellison,* of Columbia, *for Appellants,* cite:

*Messrs. Drawdy & Beale,* of Columbia, *for Respondent,* cite:

August 19, 1975.

Moss, Chief Justice:

J. W. Bateson Company, Inc., in July of 1969, was awarded the contract to construct the Richland Memorial Hospital, and as the general contractor was required to and did post a performance bond in favor of the Board of Trustees of the Hospital, with Aetna Casualty and Surety Company, as surety thereon in the amount of $17,403,327.00.

Thereafter, on July 18, 1969, Bateson, as general contractor entered into a written subcontract with Inman and Associates, Inc., for the installation of the electrical system for the hospital. Pursuant to such subcontract, Inman, as principal, and Continental Casualty Company, as surety, the appellants herein, executed and delivered to Bateson a per-

formance bond in the amount of $2,380,913.00. The provisions of this bond, in part, were as follows:

". . . the condition of this obligation is such that, if the Subcontractor shall faithfully perform and fulfill the contract on its part and shall fully indemnify and save harmless the General Contractor from all cost, damage, expense and attorney's fees which they may suffer by reason of failure so to do, and shall fully reimburse and repay the General Contractor all outlay and expense which the General Contractor may incur in making good any such default;

"AND FURTHER, that if the Subcontractor shall make payment to all claimants for all costs and expenses resulting from the performance of this Subcontract and for all labor and material used or reasonably required for use in the performance of the Subcontract for all or any part of which the General Contractor or Owner is liable, failing which such claimants shall have a direct right of action against the Subcontractor and Surety under this obligation, subject to the General Contractor's priority, and/or the General Contractor shall have the right to bring an action against the Subcontractor and Surety on behalf of unpaid claimants, then this obligation shall be null and void; otherwise it shall remain in full force and effect;"

Inman, in the performance of its contract with Bateson, purchased from Southern Generator & Engine Sales, Inc., a defendant herein, certain electrical equipment and material for the installation of an emergency power system in said hospital.

Southern purchased from O & M Manufacturing Company, the respondent herein, the cooling equipment for the engines in the electrical system. The total price of the equipment so purchased was the sum of $23,432.00. Southern paid upon said account the sum of $8,432.00, leaving a balance due of $15,000.00. Southern is now insolvent and unable to meet its obligations.

The respondent brought this action against Southern Generator & Engine Sales, Inc. and the appellants heretofore mentioned, alleging that Southern purchased from it certain electrical equipment and that Inman purchased such from Southern and used the equipment so purchased in the performance of its subcontract with Bateson for the installation of the electrical equipment in the Richland Memorial Hospital. The respondent alleges that the appellants are liable for the balance due for material supplied to Southern under the terms of the performance bond given to Bateson, the general contractor.

The appellants, by way of answer, set forth: (1) a general denial; (2) that they were liable only for that which the general contractor would be liable; and (3) that the respondent was a remote supplier of material and was afforded no coverage under the bond of Inman and its surety, there being a lack of privity of contract.

This case came on to be heard before the Honorable Legare Bates, Judge of the Richland County Court, and a jury. When the respondent rested its case, the appellants moved for a nonsuit upon the grounds that (1) the respondent had failed to establish privity of contract; (2) the respondent introduced no evidence as to the manner in which coverage was afforded it under the performance bond; and (3) there was no evidence that the equipment furnished by the respondent was actually incorporated into the hospital. This motion was denied.

At the conclusion of all of the testimony, the respondent moved for a directed verdict against the appellants on the ground that, as to Southern, materials were furnished to it for which payment was not received, and that the appellants were liable under the subcontractor's bond. This motion was opposed by the appellants upon the ground that they were not liable to the respondent for the reason that neither the owner nor the general contractor was liable. The trial judge granted the motion of the respondent for a directed verdict. This appeal followed.

The appellant allege error on the part of the trial judge in directing a verdict for the respondent, the error being that there was no showing of any liability on the part of the owner or general contractor so as to bring the respondent under the protection of the subcontractor's performance bond.

Upon the trial of this case, the respondent offered no evidence tending to prove liability on the part of either the owner or the general contractor for the labor or materials used or reasonably required for use in the performance of the subcontract. What circumstances, if any, that might render the owner or general contractor liable are not shown by the record. The contract and the performance bond of the general contractor were not offered in evidence. Under the clear language of Inman's performance bond the liability of Inman and its surety to the respondent in this case was dependent upon whether or not the general contractor or owner was liable for those materials used in the performance of the subcontract. The terms of such bond provide for a suit by the respondent directly against Inman and its surety, only in the event of liability on the part of the general contractor or owner. Since the respondent has failed to prove this essential element of its case, it follows that the respondent was not entitled to a directed verdict in its favor.

It is the judgment of this Court that the order of the lower court directing a verdict in favor of the respondent be reversed, and this case remanded for a new trial.

Reversed and remanded.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.